UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yuk Lung Chung,<br><br>                        Plaintiff,<br>     -v-<br><br>335 Madison Avenue LLC,<br><br>                        Defendant. | Civ. Action #:<br><br>**COMPLAINT**<br><br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Yuk Lung Chung ("Plaintiff" or "Chung"), by Abdul Hassan Law Group, PLLC, his attorneys, complaining of the Defendant 335 Madison Avenue LLC ("Defendant" or "335 MA"), respectfully alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff alleges pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, and (ii) is entitled to maximum liquidated damages and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages and wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

4. Plaintiff also complains that he was terminated and discharged in discrimination and retaliation by Defendant because, in good faith, he complained of and opposed Defendant's failure to pay his required overtime wages and to work overtime hours without required overtime pay. Such retaliatory/discriminatory termination violates the FLSA at 29 USC § 215 and NYLL § 215 and Plaintiff is entitled to and seeks to recover all damages available under these statutes.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

8. Plaintiff Yuk Lung Chung ("Plaintiff" or "Chung") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

9. Upon information and belief and at all times relevant herein, 335 Madison Avenue LLC ("Defendant" or "335 MA") was a New York for-profit corporation with a place of business located at 335 Madison Avenue, 15th Floor, New York, NY 10017 where Plaintiff was employed.

## STATEMENT OF FACTS

10. Upon information and belief, and at all relevant times herein, Defendant was in the business of operating, maintain and managing apartment buildings, etc.

2

11. At all times relevant herein, Defendant employed approximately 60-100 or more employees.

12. At all times relevant herein, Plaintiff was employed by Defendant as a mechanic/technician and performed all manual and physical tasks within this capacity.

13. At all times relevant herein, Plaintiff was employed by Defendant for about 10 years ending on or about March 8, 2021.

14. At all times relevant herein, Plaintiff was an hourly employee of Defendant and his last hourly rate of pay was about $46 an hour.

15. At all times relevant herein, Plaintiff worked about 45-50 or more hours each week for Defendant and sometimes more; 5-6 days a week except for about 2-4 weeks each year.

16. At all times relevant herein, Defendant had a policy and practice of requiring Plaintiff to report and begin working at least 15 minutes or more earlier than his scheduled time, each day but did not pay Plaintiff any wages for this work time. As a result, Plaintiff is owed unpaid overtime wages for about 1.25-1.5 or more overtime hours each week during his employment with Defendant – except for about 2-4 weeks each year.

17. About a year before his termination, Plaintiff made a serious complaint in good faith to Defendant that requiring him to work 15 minutes each day without overtime pay, was unlawful because it was like forcing him to give the company free labor. In response, Defendant was upset at Plaintiff's opposition and complaint and began a pattern and practice of retaliatory conduct against Plaintiff until his eventual termination as a result. Significantly, the conflict over Defendant's unlawful practice continued and intensified each day as Defendant continued to require Plaintiff to work at least 15 minutes or more for free each day and Plaintiff continued in his opposition to this unlawful practice – culminating in Defendant's retaliatory and discriminatory termination on or about March 8, 2021.

18. A more precise statement of the hours and wages may be made when Plaintiff Chung obtains the wage and time records Defendant was required to keep under the FLSA and NYLL.

*Accurate* copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

19. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for all hours worked in excess of forty hours in a week.

20. At all times relevant herein, Defendant did not provide Plaintiff with the notice(s) required by NYLL 195(1).

21. At all times relevant herein, Defendant did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the wage statements provided to Plaintiff did not contain all hours worked by Plaintiff nor all wages earned, among other deficiencies.

22. Upon information and belief and at all times relevant herein, Defendant had annual revenues and/or expenditures in excess of $500, 000. Plaintiff references and incorporates herein, accurate copies of records of Defendant's business volume and revenues as well as business operations and commerce that Defendant was required to keep and maintain under the FLSA including under 29 CFR 516.

23. Upon information and belief and at all times relevant herein, Defendant conducted business with companies outside the State of New York.

24. Upon information and belief, and at all times relevant herein, Defendant and Plaintiff conducted business with insurance companies outside the State of New York.

25. At all times applicable herein and upon information and belief, Defendant utilized the goods, materials, and services through interstate commerce such as food/dairy products, equipment and other essential materials.

26. At all times applicable herein, Defendant conducted business with vendors and other businesses outside the State of New York.

27. Defendant as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

28. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the State of New York.

29. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems.

30. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL (29 CFR 516.4; and 12 NYCRR 142-2.8), and Defendant failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies. As such, equitable tolling applies in this case. See i.e. *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 324 (2d Cir. 2004).

31. Upon information and belief, and at all relevant times herein, Defendant failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

32. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Overtime)

33. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 32 above as if set forth fully and at length herein.

34. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA – 29 U.S.C 201 et Seq.

35. Upon information and belief, and at all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

36. Upon information and belief and at all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

37. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

38. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime wage compensation, plus maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**
**NYLL 650 et Seq. (Unpaid Overtime)**

39. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 37 above as if set forth fully and at length herein.

40. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142, 141.

41. At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each and all

hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2; 12 NYCRR § 141-1.4.

### Relief Demanded

42. Due to Defendant's NYLL overtime violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime wages, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

### AS AND FOR A THIRD CAUSE OF ACTION
### NYLL § 190, 191, 193, 195, 198

43. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 42 above as if set forth fully and at length herein.

44. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198.

45. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendant to comply with NYLL 195(1).

46. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

### Relief Demanded

47. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendant, maximum recovery for

violations of NYLL 195(1) and NYLL 195(3), prejudgment interest, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## AS AND FOR A FOURTH CAUSE OF ACTION – FLSA RETALIATION/DISCRIMINATION - 29 U.S.C § 215

48. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 47 above as if set forth fully and at length herein.

49. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA including 29 USC § 207 and 29 USC § 215.

50. At all times relevant herein, Defendant was covered persons or entities within the meaning of 29 USC § 215.

51. Defendant discharged/terminated Plaintiff's employment with them in retaliation and discrimination and in violation of the FLSA at 29 USC § 215 for engaging in protected activity such as opposing and complaining in good faith about Defendant's failure to pay Plaintiff wages and overtime wages owed to him under the FLSA as further set forth above.

### Relief Demanded

52. Defendant's FLSA violations, have caused and proximately caused Plaintiff to suffer damages and Plaintiff is entitled to and seeks to recover from Defendant all damages available under 29 USC §§ 215, and 216, including his lost wages, reinstatement, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. §§ 215, 216(b).

## AS AND FOR A FIFTH CAUSE OF ACTION RETALIATION/DISCRIMINATION - NYLL § 215

53. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 52 above as if set forth fully and at length herein.

54. At all times relevant herein, Plaintiff was employed by Defendant within the meaning of the

New York Labor Law §§ 2, 215 and 651 and the regulations thereunder.

55. At all times relevant herein, Defendant was covered persons or entities within the meaning of New York Labor Law §§ 2, 215 and 651 and the regulations thereunder.

56. Defendant discharged/terminated Plaintiff's employment with it in retaliation and discrimination and in violation of the NYLL § 215 for engaging in protected activity such as opposing and complaining in good faith about Defendant's failure to pay Plaintiff wages and overtime wages owed to him under the NYLL as further set forth above.

57. A notice of this action/claim was provided to the NYS Attorney General pursuant to NYLL § 215 prior to the filing of this action.

### Relief Demanded

58. Defendant's New York Labor Law violations, have caused and proximately caused Plaintiff to suffer damages and Plaintiff is entitled to recover from Defendant all available damages, including his lost wages, reinstatement, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to NYLL including § 215.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

59. Declare Defendant (including its overtime wage payment policy and practice) to be in violation of the rights of Plaintiff under the FLSA and New York Labor Law – 12 NYCRR § 142, and enjoin Defendant from engaging in such violations.

60. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wage compensation due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

61. As to the **Second Cause of Action**, award Plaintiff his unpaid overtime compensation due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, 12 NYCRR § 141-1.4, together with maximum liquidated damages,

prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

62. As to the **Third Cause of Action**, award of Plaintiff his maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

63. As to his **Fourth Cause of Action**, award Plaintiff all damages available under 29 USC §§ 215, and 216, including his lost wages, reinstatement/front pay, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. §§ 215, 216(b).

64. As to his **Fifth Cause of Action**, award Plaintiff all damages available under NYLL § 215, including his lost wages, reinstatement/front pay, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to NYLL including § 215;

65. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

66. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
      **April 30, 2021**

Respectfully submitted,

Abdul Hassan Law Group, PLLC


/s/ Abdul Hassan
Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-355-9668
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*