```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
YUK LUNG CHUNG,                                                  :
                                                                 :
                              Plaintiff,                         :
                                                                 :
                -v-                                              :
                                                                 :
335 MADISON AVENUE LLC,                                          :
                                                                 :
                              Defendant.                         :
                                                                 :
-----------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/15/2023
```

21-cv-03861 (LJL)

MEMORANDUM & ORDER

LEWIS J. LIMAN, United States District Judge:

Defendant 335 Madison Avenue LLC ("Defendant") moves to dismiss this labor and wage action on grounds that it is precluded by a final arbitral award issued pursuant to the collective bargaining agreement ("CBA") that governed employment relations between Defendant and its employees, including the plaintiff, Yuk Lung Chung ("Plaintiff"). For the reasons stated herein, Defendant's motion to dismiss is GRANTED and the case is dismissed with prejudice.

## BACKGROUND

In April 2021, Plaintiff commenced this action alleging violations of federal and state labor and wage law by Defendant, his former employer. Dkt. No. 1. In July 2021, Defendant filed a motion to compel arbitration, Dkt. No. 15, contending that Plaintiff was required to arbitrate his claim by the CBA that governed Plaintiff's employment with Defendant, Dkt. No. 16. The CBA provided that federal, state, and local labor and wage claims were "subject to the [CBA's] grievance and arbitration procedure as the final, binding, sole and exclusive remedy for such violations, and employees covered by this agreement shall not file suit or seek relief in any other form." Dkt. No. 17-2 at 20. Based on this provision, Defendant also sought to dismiss the

case. Dkt. No. 16. In September 2021, the Court granted Defendant's arbitration motion but denied the motion to dismiss, explaining that "[w]hen all claims raised in a complaint are referred to arbitration and a stay is requested, the FAA requires a court to stay the proceedings." Dkt. No. 35 at 8 (citing *Katz v. Cellco P'ship*, 794 F.3d 341 (2d Cir. 2015)).

Approximately one year passed without update from either party. In October 2022, the Court ordered the parties to jointly file periodic status letters updating the Court on the status of the arbitration. Dkt. No. 36. The parties complied and updated the Court as to the arbitration proceedings every 90 days. *See* Dkt. Nos. 37–41. In August 2023, Defendant informed the Court that the arbitration had concluded. Dkt. No. 41. The arbitrator, in an award issued July 21, 2023 and amended July 24, 2023 to correct a typographical error, rejected Plaintiff's claims in their entirety and found for Defendant. Dkt. No. 41-1. Because the CBA provided that arbitration would be "the final, binding, sole and exclusive remedy" for Plaintiff's claims, and the arbitration denied Plaintiff's grievances in favor of Defendant, Defendant again sought dismissal of the action. Dkt. No. 41. The Court did not immediately rule on Defendant's motion, opting instead to give Plaintiff until August 30, 2023 to make any objections to dismissal with prejudice. Dkt. No. 42. The Court, upon motion for an extension of time by Plaintiff, extended that deadline to "three months from the date the award was filed," Dkt. No. 44, consistent with the language of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 12.[1] The deadline passed without any action by Plaintiff. A few days later, on October 27, 2023, Defendant renewed its motion to dismiss the case with prejudice. Dkt. No. 45. The Court gave Plaintiff until November 10, 2023 to respond to Defendant's motion, and warned that, "in the

---

[1] Section 12 of the FAA requires a motion to vacate, modify, or correct an arbitration award to be served within three months after the award is filed or delivered. 9 U.S.C. § 12.

absence of a timely response, the Court will consider [Defendant's] motion unopposed." Dkt. No. 46.  Again, that deadline passed without action by Plaintiff, as Defendant noted in a letter to the Court on November 15, 2023.  Dkt. No. 47.  As it previously indicated, the Court now considers Defendant's motion to dismiss the case with prejudice unopposed.

## DISCUSSION

A union may commit an employee's wage claims brought under the Federal Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and its New York state analogue, to resolution by arbitration under the FAA.  *Epic Sys. Corp. v. Lewis*, 584 U.S. ---, 138 S. Ct. 1612, 1632 (2018); *Lawrence v. Sol G. Atlas Realty Co., Inc.*, 841 F.3d 81, 83 (2d Cir. 2016).  If such an agreement is valid, the parties are compelled to pursue arbitration.  *See, e.g.*, *Lamps Plus, Inc. v. Varela*, 587 U.S. ---, 139 S. Ct. 1407, 1413–14 (2019).

As noted above, the FAA provides that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."  9 U.S.C. § 12.  "The limitations period for serving the petition is . . . calculated from the date the award is delivered."  *Triomphe Partners, Inc. v. Reology Corp.*, 2011 WL 3586161, at *2 (S.D.N.Y. Aug. 15, 2011).  "This limitation period is strictly construed," *id.*, and "contains no exception" excusing delay, *Dalla-Longa v. Magnetar Capital LLC*, 33 F.4th 693, 695 (2d Cir. 2022).

Here, the arbitral award was issued and delivered to Plaintiff through counsel on July 21, 2023, and amended on July 24, 2023.  Dkt. No. 41-1 at 31.  Whether time began to run on July 21 or July 24, the deadline for serving the petition passed in October.  Because Plaintiff has not timely filed a motion challenging the award or otherwise objecting to Defendant's motion to dismiss, the Court grants the motion with prejudice.

3

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED and the Plaintiff's complaint is DISMISSED with prejudice. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Date: November 15, 2023

LEWIS J. LIMAN
United States District Judge